AO 91 (Rev. 02/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

| | |
|---|---|
| United States of America<br>v.<br>Kimberly Calzada<br>Suzeth Calzada<br>Elizabeth Pinales<br>*Defendant* | Case No.  EP19-6802 ATB |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of  06/24/2019  in the county of  Hudspeth  in the  Western  District of Texas , the defendant violated  21  U. S. C. §  841 (a) (1) and 846  an offense described as follows:

Knowingly, intentionally and unlawfully; manufacture, or distribute, or dispense or possess with intent to manufacture, distribute, or dispense a controlled substance; to wit approximately 3.55 kilograms of cocaine, a Schedule I controlled substance, in violation of Title 21 U.S.C. 841 (a) (1).

Knowingly, intentionally, and unlawfully; conspired, combined, confederated, and agreed with others to possess with intent to distribute a controlled substance, to wit approximately 3.55 kilograms of cocaine, a Schedule I controlled substance, in violation of Title 21 U.S.C. 846.

This criminal complaint is based on these facts:
See attached Affidavit, which is marked Attachment "A", and which is incorporated by reference as if fully set out herein.

☒ Continued on the attached sheet.

*Complainant's signature*

DEA Special Agent, Jorge A. Cerda
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  06/26/2019

*Judge's signature*

City and state:  El Paso, TX

United States Magistrate Judge
*Printed name and title*
Anne T. Berton

United States of America
  V.
Kimberly Calzada
Suzeth Calzada
Elizabeth Pinales

## ATTACHMENT "A"
## AFFIDAVIT

I, Jorge A. Cerda, Affiant, being duly sworn, state that the following information is true and correct to the best of my knowledge and belief:

The following information is based upon information provided to me by other agents and is presented as probable cause to arrest Kimberly Calzada, Suzeth Calzada, and Elizabeth Pinales. Since this affidavit is being submitted for the limited purpose of establishing probable cause, your Affiant has not included each and every known fact regarding this investigation. More specifically, your Affiant has set forth only pertinent facts that your Affiant believes are necessary to establish probable cause.

Your Affiant knows that on June 24, 2019 United States Border Patrol Agents Jose Pacheco, Rafael Rolon, and Lorenzo Lozano, along with his Department issued canine Django-A, were assigned to the traffic check duties at the United States Border Patrol Checkpoint west of Sierra Blanca, Texas on I-10 east mile marker 102.5

At approximately 9:15 p.m., an eastbound Greyhound bus entered the checkpoint and was inspected by Border Patrol Agents, for the purpose of immigration inspection of its passengers. Agent Pacheco and Rolon boarded the bus and identified themselves to the passengers as U.S. Border Patrol Agents. At the time of inspection, agent Pacheco inspected the restroom located in the rear of the bus for any passengers. As agent Pacheco inspected the restroom, agent Pacheco opened and searched the trash can. Agent Pacheco discovered a McDonald's food bag that appeared to have sealed packages that resembled narcotic bundles. Upon discovering the possible narcotics, agent Pacheco continued his immigration inspection of the passengers.

Agent Pacheco questioned a passenger, later identified as Kimberly Calzada as to where her property was located in the bus. K. Calzada identified a purse under her sear that belonged to her. Agent Pacheco asked K. Calzada for consent to search her belongings and K. Calzada, replied "yes." As agent Pacheco searched her purse, he noticed two packages matching the packages that were located in the restroom trash. Agent Pacheco asked K. Calzada to close her purse and continued his inspection of the remaining passengers in the bus.

Once agents Pacheco and Rolon had completed their immigration inspection, agent Pacheco advised agent Lozano of the possible narcotics. At that time, agent Pacheco asked K. Calzada to grab all her belongings and exit the bus. Agent Pacheco advised K. Calzada that agent Lozano was going to conduct a non-intrusive sniff of her belongings. As agent Lozano conducted the non-intrusive canine sniff of K. Calzada's belongings, agent Lozano noticed Django-A alert and indicate to the black purse for the presence of the odors of controlled substances. Agents conducted a further inspection of the black purse and discovered two vacuum sealed brick like bundles wrapped with clear plastic and aluminum foil. The bundles contained a white powdery substance which later field tested positive for cocaine utilizing Narco pouch #904. At that time, agent Pacheco advised K. Calzada that she was under arrest due to Django-A alerting and the discovery of illegal narcotics. K. Calzada was placed under arrest and escorted inside the checkpoint.

Once K. Calzada was placed under arrest, agents escorted all the remaining passengers off the bus so that agent Lozano along with canine Django-A could conduct a non-intrusive canine sniff

United States of America
    V.
Kimberly Calzada
Suzeth Calzada
Elizabeth Pinales

of the passenger area of the bus. Agent Lozano noticed canine Django-A alert and indicate to the trash can located in the restroom of the bus for the presence of odors of controlled substances. Agent Lozano searched the trash can and discovered four vacuum sealed brick like bundles. The bundles had the same wrapping as the ones found in K. Calzada's purse.

Agent Pacheco remembered seeing a McDonald's bag in between two empty seats during his initial inspection of the bus. Agent Pacheco had previously questioned a male passenger in the bus as to the McDonald's bag. The male passenger advised Pacheco that it belonged to two females who had moved to other empty seats. The male passenger pointed at the two females later identified as Suzeth Calzada and Elizabeth Pinales.

Agent Pacheco asked S. Calzada if she was related to the female (K. Calzada) and she replied "yes, she is my sister." She also claimed that all three were traveling together. At that time, both Suzeth Calzada and Elizabeth Pinales were escorted inside for further questioning.

Once inside the checkpoint office, Agent Juan Harcies read Kimberly Calzada, Suzeth Calzada, and Elizabeth Pinales individually their Miranda Rights as per Department form I-214, as witnessed by Agent Jose Pacheco. All three acknowledged understanding their rights by signing a Department form I-214. All three waived their right to legal counsel.

During further questioning, Kimberly Clazada, Suzeth Calzada, and Elizabeth Pinales individually admitted to agents that they had been hired by an unidentified individual in Ciudad Juarez, Mexico to smuggle approximately one kilogram of cocaine each to Arkansas. All three females were expecting to get paid $500 per bundle. Suzeth Calzada and Elizabeth Pinales admitted to have concealed their packages in the trash can of the bus to avoid detection from U.S. Border Patrol.

DEA Special Agent Jorge A. Cerda and Allan Russo were contacted and informed of the arrest and responded to the checkpoint. On June 25, 2019, SA Cerda and SA Russo arrived at approximately 9:30 a.m and were apprised of the information pertaining to the case. At approximately 2:00 p.m., Agents Cerda and Russo transported all three females to the El Paso Detention Facility for further processing.

The facts of the case were presented to Assistant United States Attorney (AUSA) Jose Acosta who authorized the case for federal prosecution.

Based on the above information, your Affiant believes that Kimberly Calzada, Suzeth Calzada, and Elizabeth Pinales did knowingly, intentionally, and unlawfully possess with intent to distribute a controlled substance, to wit approximately 3.55 kilograms of cocaine, a Schedule I controlled substance, in violation of Title 21 U.S.C. 841 (a) (1) and knowingly, intentionally, and unlawfully conspired and agreed with others to possess with intent to distribute a controlled substance, to wit approximately 3.55 kilograms of cocaine, a Schedule I controlled substance, in violation of Title 21 U.S.C. 846.

| _____ | _____ |
| DEA Special Agent, | United States Magistrate Judge |
| Jorge A. Cerda | Anne T. Berton |